# IN THE SUPREME COURT OF THE STATE OF NEVADA

MUHAMMAD Q. KHAN, AN
INDIVIDUAL; AND MAIMOONA Q.
KHAN, AN INDIVIDUAL,
Appellants,
vs.
QADIR BAKHSH, AN INDIVIDUAL,
Respondent.

No. 67494

FILED

AUG 11 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a final judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellants entered into several versions of an agreement to purchase a restaurant and real property from respondent. The third agreement provided a purchase price of $990,000. Appellants executed a promissory note in favor of respondent for $390,000. The third agreement and the promissory note went through escrow. Appellants never made a payment on the promissory note because they assert that the parties' true agreement was reflected in a fourth contract which was lost or destroyed and did not require them to make any payment to respondent. They and their supporting witness Tahir Shah also testified that the lost contract included a partnership provision that the parties would jointly operate the restaurant and if one of them walked away from the restaurant, he or she would receive $50,000. On remand from this court, and based on the parties' supplemental briefs and the previously conducted trial, the

16-24858

district court entered an order enforcing the promissory note and awarding respondent $390,000, plus interest, because the court concluded that the lost contract did not exist and appellants and Shah were not credible. The court also awarded respondent $20,000 for the walk-away fee, after subtracting $30,000 that respondent owed appellants.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly awarded respondent the $390,000, plus interest, under the promissory note. Because the district court concluded that appellants and Shah were not credible, and thus the lost or destroyed agreement did not exist, and because we will not reweigh the credibility of the witnesses, the district court's decision is supported by substantial evidence and we affirm that award. *See Grisham v. Grisham*, 128 Nev. 679, 687, 289 P.3d 230, 236 (2012) (explaining that this court will defer to the district court's findings regarding whether a contract exists as long as those findings are based on substantial evidence and not clearly erroneous); *Krause Inc. v. Little*, 117 Nev. 929, 933, 34 P.3d 566, 569 (2001) (providing that this court will not weigh the credibility of the witnesses because that is for the trier of fact to do). Further, because the court concluded that the third contract was the only enforceable contract and did not include a $200,000 debt that appellants alleged respondent owed them, the district court did not err in refusing to offset appellants' debt by $200,000.

We, however, conclude that the district court's decision to award respondent $20,000 for the walk-away fee is not supported by the evidence since respondent did not seek the $50,000 in his complaint and the walk-away fee arose from the lost or destroyed contract, which the court concluded did not exist. Thus, we reverse the award of $20,000 to

respondent. On remand the district court should amend the judgment to reflect the $30,000 offset from respondent's $390,000 award.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Michelle Leavitt, District Judge
      Holland & Hart LLP/Las Vegas
      Agwara & Associates
      Eighth District Court Clerk

---

[1]To the extent appellants' additional arguments are not addressed herein, we conclude they lack merit and do not warrant any further relief.